**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ROBERTS, | No. 13-16304 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-00622-PJH |
| v. | |
| PAYPAL, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted October 20, 2015
San Francisco, California

Before: D.W. NELSON, CLIFTON, and N.R. SMITH, Circuit Judges.

David Roberts appeals the district court's grant of summary judgment in

favor of PayPal, Inc., on Roberts' claim under the Telephone Consumer Protection

Act. After adding his cellular telephone number to his PayPal account, Roberts

received a text message from PayPal that he contends violated the TCPA's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

restriction on calls using an automatic telephone dialing system or an artificial or prerecorded voice absent "prior express consent." *See* 47 U.S.C. § 227(b)(1)(A). The district court granted summary judgment in PayPal's favor on the basis that Roberts had expressly consented to receive text messages from PayPal by knowingly providing PayPal his cell phone number. We affirm.

The Federal Communications Commission, in exercise of its authority to prescribe regulations to implement the TCPA, *see* 47 U.S.C. § 227(b)(2), determined in a 1992 Report and Order that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752, 8769 (Oct. 16, 1992).

The FCC's interpretation of "prior express consent" may not be challenged in the context of this appeal. *See Pac. Bell Tel. Co. v. Cal. Pub. Utils. Comm'n*, 621 F.3d 836, 843 (9th Cir. 2010). The Hobbs Act vests the courts of appeals with exclusive jurisdiction to "enjoin, set aside, suspend (in whole or in part), or to determine the validity of" FCC orders in actions naming the United States as a party. 28 U.S.C. § 2342; *see U.S. W. Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1120 (9th Cir. 1999). Because this suit was not brought pursuant to the

Hobbs Act, the FCC's 1992 interpretation of "prior express consent" must be presumed valid. *See U.S. W. Commc'ns, Inc. v. Jennings,* 304 F.3d 950, 958 n.2 (9th Cir. 2002).

Under the FCC's interpretation, Roberts expressly consented to text messages from PayPal when he provided PayPal his cell phone number. Even if Roberts believed that PayPal would only contact him on his cell phone about problems with his online transactions, that limitation did not apply to PayPal's use of his number because he failed to communicate it to PayPal.

Roberts' contention that the FCC's 1992 interpretation limits the consent expressed by release of a phone number to "normal business communications" or "normal, expected or desired communications," is without merit. The FCC's citation to a House Report mentioning "normal business communications" was not meant as a limitation on its interpretation of "prior express consent," but merely as "support[]" for that interpretation. *See In the Matter of Rules & Regulations*, 7 F.C.C. Rcd. at 8769 n.57. Moreover, the relevant statutory text does not contain any language regarding "normal business communications" or "normal, expected or desired communications." Even if this court were to accept Roberts' argument, it is unclear how the text message at issue could be anything other than a normal business communication.

Although the FCC has changed its approach to "prior express consent" in recent years, *see, e.g.*, *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1838 (Feb. 15, 2012), those changes occurred subsequent to the text message at issue in this case and do not apply retroactively.

**AFFIRMED.**